F. A. Wilson v. Commissioner. Francis A. Wilson v. Commissioner.
Wilson v. Commissioner
Docket Nos. 110655 and 111428.
United States Tax Court
1946 Tax Ct. Memo LEXIS 131; 5 T.C.M. (CCH) 647; T.C.M. (RIA) 46177; July 24, 1946
*131 George M. Naus, Esq., for the petitioner. T. M. Mather, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income tax as follows: Docket No.
Name
Year
Amount
110655
F. A. Wilson
1938
$29,223.89
111428
Francis A. Wilson
1939
3,231.39
1940
11,716.88 Many errors have been alleged but only three were submitted for decision. The Commissioner now concedes that he erred in disallowing a deduction of $3,299.43 as interest for 1938. The petitioner alleges that the Commissioner erred in failing to allow deductions in each of the three years for dividends paid on stocks in which the petitioner had a short position. The Commissioner alleges that he erred in failing to include in the petitioner's income for 1938 dividends in the amount of $41,500. The facts have been presented by a stipulation which is adopted as the findings of fact. [The Facts] F. A. Wilson is the same person as Francis A. Wilson. The returns for the years in question were filed with the collector of internal revenue for the first district of California. They were filed on a cash basis. The petitioner, *132 at all times material hereto, was engaged in business as a trader in securities on his own account. He made many short sales and was continuously in a short position as a trader. He paid as dividends on stock which he sold short $19,242.62 in 1938, $23,557.34 in 1939, and $28,044.69 in 1940. The petitioner contends that he, a trader, is entitled to deduct the dividends as expenses in the years paid. The respondent has held and insists that they must be added to the cost when the short sales are eventually covered by a purchase. This same question has been decided against the Commissioner in several cases, one of which was the case of this same taxpayer for earlier years decided in a Memorandum Opinion. See also ; , reversing ; (May 24, 1946). This Court will stand by these decisions upon this point. Contra, , certiorari denied . Wilson Bros. & Company is a corporation. The petitioner and his brother, W. T. Wilson, each own one-half *133 of its outstanding stock. Its accumulated earnings and profits as of December 31, 1937 amounted to $53,711.84. There was a net decrease of $2,149.20 for 1938 without considering any diminution for withdrawals by shareholders. The petitioner and W. T. Wilson withdrew the following amounts: 1938
1939
Petitioner
$41,500
$52,500
W. T. Wilson
41,500
47,500
The petitioner and his brother W. T. Wilson executed no notes for these withdrawals, no interest has been paid on such withdrawals, and no part of such withdrawals has been repaid by either of said stockholders. The petitioner and W. T. Wilson withdrew the following amounts from the corporation during the year 1940: Petitioner
$11,000
W. T. Wilson
16,000
No notes were issued to cover those withdrawals, and no interest was paid and petitioner has not repaid his withdrawal, but the $16,000 withdrawn by W. T. Wilson was repaid without interest in a later year. The withdrawals were entered on the books of Wilson Bros. & Co. as debits to accounts receivable and have been claimed by the petitioner to be loans, and have not been included as income by the petitioner in computing his income *134 subject to Federal income tax. [Opinion] The respondent contends that the withdrawals of the petitioner made during 1938 to the extent of $25,781.32 (one-half of the accumulated earnings and profits as of the close of 1938) represent a distribution taxable as a dividend. He recognizes that he has the burden of proof on this issue since he raised it. See Rule 32. He claims that he has made a prima facie case which the petitioner has not met or overcome by further evidence. The petitioner contends that the withdrawals were loans; that the respondent has not made out a prima facie case and has not sustained his burden of proof. The evidence is inconclusive as to whether these were intended to be dividends in disguise. They were loans in form. We can not find as a fact that repayment was not intended or is not to be made. We are aware of all of the circumstances, including the absence of notes, the absence of interest requirements, and the absence of repayment. However, there may be a loan without interest and the debt is shown on the books of the corporation. Even if we were of a different opinion about the withdrawals, still there is a fatal flaw in respondent's case. There *135 is no showing that "the accumulated earnings or profits" at the close of 1937 or 1938 were "earnings or profits accumulated after February 28, 1913" or were otherwise the kind of earnings which would represent a taxable dividend if distributed to shareholders. See section 115(a) and (b). Such a showing was a necessary part of the respondent's case. It has not been conceded in any way. We hold for the petitioner upon this issue. Decision will be entered under Rule 50.